UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL NO.: 5:06-MJ-975-02 |
| | § | |
| Yusif Ahmed RUFIED | § | |
| | § | |
| Defendant. | § | |

**PROBABLE CAUSE FINDING**

**I. Facts**

Yusif Ahmed Rufied ("Defendant") was charged by criminal complaint on May 26, 2006, with unlawfully transporting sixty (60) illegal aliens by means of a motor vehicle within the Southern District of Texas in knowing or in reckless disregard of the fact that said aliens had come to, entered, or remained in the United States in violation of law, and transported or moved said aliens within the United States by means of a motor vehicle or otherwise in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii). On June 2, 2006, this court held a preliminary examination hearing to determine whether there was probable cause to detain Defendant.

At the preliminary examination hearing, the government presented Immigration and Customs Enforcement ("ICE") Agent Bruce Henderson ("Agent Henderson") as its sole witness. Agent Henderson testified that on May 24, 2006, he was working with ICE Agent Joe Silva when they were called to the Border Patrol check point located on Highway 59. Agent Henderson stated that Agent Silva received a duty call from Border Patrol Agent Flores stating that sixty (60) undocumented aliens were found in a tractor trailer. Agent Henderson testified that he arrived at

the checkpoint with Agent Silva at approximately 10:45 a.m. Agent Henderson stated that when he arrived at the checkpoint he saw the tractor trailer and was introduced to some of the undocumented aliens found in the trailer. Agent Henderson stated that there were fifty-nine (59) aliens present at the checkpoint and one (1) alien in the hospital due to taking an improper medication. Agent Henderson testified that Border Patrol Agents advised him that the tractor trailer arrived at the check point at approximately 6:45 a.m. and during a secondary inspection sixty (60) aliens were found in the rear of the trailer.

Agent Henderson testified that Defendant was in the cab of the tractor trailer with Martin Adaboh ("Codefendant"). Agent Henderson identified Defendant as the individual in the courtroom wearing an orange jumpsuit. Agent Henderson stated that Defendant and Codefendant are both from Ghana, Africa and both live in Quebec, Montreal, Canada. Agent Henderson testified that Codefendant and Defendant were arrested and read their rights. Agent Henderson stated that he attempted to speak with Codefenant first, but was unable to speak with Codefendant because Codefendant requested an attorney. Agent Henderson testified that he spoke with Defendant, and Defendant claimed that he was a driver in training, that he never drove the tractor trailer, and that he was not receiving payment for transporting aliens.

Agent Henderson testified that Defendant said he stayed at the Monterrey Inn in Laredo, Texas on the night of May 23, 2006, and that Codefendant stayed in a room while Defendant slept in the tractor from Midnight to 6:00 a.m. Agent Henderson testified that according to Defendant, Codefendant met a woman by the name of Claudia in the hallway of the Monterrey Inn.

Agent Henderson spoke with material witnesses that claimed to be loaded into the trailer at 5:30 a.m. on May 24, 2006, during the period Defendant claims he was sleeping in the tractor.

Agent Henderson testified that the aliens were loaded at Diesel Impact 2000 off of Highway 359. Agent Henderson described the terrain leading into Diesel 2000 as a rough caliche road, with a steep grade, and deep indentations. Agent Henderson testified that Defendant claimed the tractor stopped on the side of the highway and that Codefendant told Defendant he was checking the tires.

Agent Henderson stated that Codefendant later changed his mind about speaking with ICE agents and was read his rights and interviewed on May 24, 2006. Agent Henderson testified that Codefendant claimed that while staying at the Monterrey Inn, Codefendant was approached to smuggle aliens by a woman named Claudia. Agent Henderson testified that Codefendant stated that on the morning of May 24, 2006, Claudia, Codefendant, and Defendant went to Diesel 2000, and all were present at the rear of the trailer when the aliens were loaded. Agent Henderson stated that once the aliens were loaded, a seal was placed on the door of the trailer.

Agent Henderson testified that Codefendant described the area surrounding Diesel 2000 and could show Agent Henderson where it was located. Agent Henderson stated that Codefendant did not state the exact amount of the payment he was going to receive for transporting the aliens and never claimed that he was going to pay Defendant. Agent Henderson stated that Codefendant stated that he started with $10,000, gave $3000 to his wife, gave Defendant $1000, and Codefendant was left with $7,000 found at the time he was arrested.

Agent Henderson testified that Defendant claimed that they were going to McAllen, Texas; Codefendant claimed that they were going to San Antonio, Texas; and the trucking dispatcher stated that Defendant and Codefendant were to pick up a load in Laredo, Texas and return to Canada. Agent Henderson testified that Codefendant stated that Defendant was awake in the front seat when

they went to Diesel 2000. Agent Henderson also stated that there was no load in the trailer, except for the aliens, when Defendant was stopped at the Highway 59 Checkpoint. Agent Henderson testified that a person does not travel on Highway 59 to get to San Antonio or McAllen.

Defense counsel cross-examined Agent Henderson regarding the investigation. Agent Henderson stated that although there were only two seats in the cab, Claudia may have sat in the bunk. Agent Henderson reiterated that Codefendant's statement was taken five hours after Defendant's statement was taken, and that at the time of arriving at the scene only Defendant and not Codefendant spoke to agents. Agent Henderson also reiterated that Defendant stated that Codefendant spoke with a lady by the name of Claudia and that Defendant stated that he slept in the truck. Agent Henderson testified that one material witness identified Codefendant as the driver and the person that was present at the rear of the trailer while the trailer was being loaded with aliens. However, Agent Henderson also stated that the other material witnesses identified a person with black skin color as the person loading the trailer. Agent Henderson testified that there were no justifiable facts that the $1700 found in Defendant's possession was from this incident. Agent Henderson reiterated that the Codefendant never mentioned that Defendant was getting paid. Agent Henderson reiterated that the primary agent on the scene informed Agent Henderson that Defendant was in the passenger seat of the truck. Other than the cross-examination, Defendant did not present any additional testimony as to probable cause.

## II. Analysis

Preliminary examination hearings afford magistrates an opportunity to determine whether there is probable cause to detain a defendant. 1 Fed. Prac. & Proc. Crim.3d § 86 (R 5.1). There is a two-part test to determine whether probable cause exists: belief that an offense has been

committed; and belief that the defendant committed it. *See* FED. R. CRIM. PRO. 5.1(a). The probable cause threshold is low. A magistrate may find probable cause if the government shows "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." 1 Fed. Prac. & Proc. Crim.3d § 86 n.3 (R 5.1) (internal quotations and citations omitted).

Additionally, according to Federal Rule of Criminal Procedure 5.1(a), "[t]he finding of probable cause may be based upon hearsay evidence *in whole or in part*." (emphasis added). Based on the testimony, the government has met its burden. The government presented evidence that an offense was committed by showing that sixty (60) undocumented aliens were found in a tractor trailer Defendant was riding in. The government presented testimony from Agent Henderson showing that a person of ordinary prudence and caution could conscientiously entertain a reasonable belief of the accused's guilt; specifically, that Defendant was riding in the passenger seat of the tractor trailer and Defendant helped load undocumented aliens into the trailer.

### III. Finding

Based on the evidence presented, **THIS COURT FINDS THAT THERE IS PROBABLE CAUSE** to hold the defendant to answer in district court, in accordance with Federal Rule of Criminal Procedure 5.1.

DONE at Laredo, Texas, this 7th day of June, 2006.

_____
Adriana Arce-Flores
United States Magistrate Judge